STATE

v.

**William P. FARMAN.**

No. 91–81–C.A.

Supreme Court of Rhode Island.

Jan. 3, 1992.

James E. O'Neil, Atty. Gen., Annie Goldberg, Sp. Asst. Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., for plaintiff.

Robert B. Mann, Mann & Mitchell, Providence, for defendant.

OPINION

WEISBERGER, Justice.

This case comes before us on the defendant's appeal from a judgment of conviction entered in the Superior Court of one count of first-degree sexual assault. The defendant was indicted on April 5, 1990, and charged with first-degree sexual assault upon his niece. The sexual-assault incidents allegedly occurred between the first day of September 1981 and the first day of October 1983 in the city of Warwick upon a person who was under the age of thirteen years at the time of the offense set forth. In view of our determination of the defendant's entitlement to a continuance, we shall limit our factual account only to those events that are pertinent to his request for a continuance. These facts are as follows.

The defendant, William P. Farman (Farman), filed an affidavit in support of his continuance that has not been rebutted or found lacking in credibility in any way. This affidavit sets forth that in late April of 1990, defendant retained an attorney to represent him on the indictment. He paid the attorney $1,000 as a retainer. On or about May 31, 1990, the attorney requested an additional $1,000 to use for the engagement of an investigator whose task it would be to investigate the prior conduct of the complaining witness in order to determine her credibility. The defendant promptly provided counsel with the additional $1,000.

On or about June 4, 1990, the first attorney assigned the case to a second attorney with whom defendant had had no prior contact. The second attorney made a demand upon defendant in September of 1990 for an additional $2,500, which would be used to retain the services of a private investigator for the same purpose for which the earlier $1,000 had already been remitted to the first attorney. The second attorney stated that he had no information concerning the funds paid to the first attorney. After contacting both the first and

the second attorneys separately, defendant was informed by the second attorney that in the absence of the additional payment of $2,500, he would withdraw.

Thereafter, defendant met with the first and the second attorneys at the office of the first attorney on September 24, 1990. It should be noted that the case had been assigned for trial to September 27, 1990. At this conference defendant stated that he did not wish to be represented by the second attorney. He further confirmed with the second attorney that the latter had already filed a motion to withdraw as his counsel. In fact, it appears that the motion to withdraw was filed in open court on September 27, 1990, the date that trial was to begin.

On September 27, 1990, a justice of the Superior Court heard a motion which had been filed by a third attorney who had been retained by defendant on the eve of trial. The third attorney asked for a continuance of sixty days. The third attorney indicated that he had not had time to prepare to defend against the charges. He submitted Farman's affidavit concerning his lack of confidence in his previously retained attorneys and particularly the failure of communication among them during the days and weeks immediately preceding the trial.

The trial justice then conducted a colloquy with the second attorney and the third attorney concerning defendant's possible available strategies and witnesses who might be presented by the defense, one of whom would not be available for approximately two months. The trial justice concluded that the defense would best be served if the second attorney collaborated with the third attorney and continued to represent defendant. Thereupon she denied both the motion to continue and the motion of the second attorney to withdraw. In denying the motion for continuance, she made an analysis of the probable evidence of witnesses who were not available and determined that this evidence either would not be admissible or would at most be collateral.

We also observe that the grand-jury tapes setting forth the testimony that had been presented to that body only became available in August of 1990, and the official transcript of the tapes was not available until the evening before the hearing on the motion to withdraw.

We are in agreement with the trial justice that this case had been called ready on an earlier calendar call on September 10, 1990, when the second attorney apparently indicated his readiness. However, defense counsel noted at that time that the grand-jury tapes had not yet been transcribed because the tapes themselves had not been available until August.

Ordinarily the question of whether a case should be continued is within the sound discretion of the trial justice. In the case at bar we are confronted with a situation in which a defendant, approximately five months after his indictment, finds that his retained attorneys have not carried out an investigation that they and he considered essential to meet the serious charges with which defendant was confronted. Indeed the communication between his first and his second attorneys seems sadly lacking, although they claimed to work "as a team." The second attorney had stated to defendant that he would be unwilling to represent him without an additional payment of $2,500. The defendant was either unable or unwilling to provide this additional amount.

It appears that the second attorney wished to withdraw from the case not only because of the failure on the part of defendant to pay an additional sum either as a retainer or for investigative services but also because defendant had manifested a significant lack of confidence in him. The third attorney was clearly unprepared to represent defendant at the beginning of the trial. Consequently the trial justice required defendant to go forward represented by one attorney whom he had most recently retained but who was unprepared and another attorney in whom he had manifested lack of confidence and with whom communication had broken down on the eve of trial.

It must be noted that this case was one in which the credibility of the complaining

witness was pitted against the credibility of defendant. The actions upon which the charges were based had taken place more than seven years prior to the date of the indictment. This was a case in which every avenue of inquiry concerning the credibility of the complaining witness should have been painstakingly investigated. It is undisputed that the investigation performed by the first and the second attorneys left much to be desired, and the investigation made by the third attorney had barely begun.

Upon consideration of the events leading up to the motion for a continuance, we are of the opinion that in the unusual circumstances of this case, such a continuance should have been granted. As earlier indicated, only five months had elapsed from the indictment to the date of trial. The grand-jury tapes had only been transcribed a few days prior to the trial date. The commendable desire on the part of the trial justice to move the case forward must be balanced against the right of defendant to be represented by counsel in whom he had a reasonable degree of confidence and whose opportunity to investigate the case met at least the threshold of adequacy.

As we balance the need for an expeditious trial against the quality of the preparation of this case by the second and the third attorneys, we believe that the balance should weigh in favor of defendant's right to a reasonably prepared attorney in whom he had confidence and with whom he had at least a working relationship.

In the unusual circumstances of this case we hold that the trial justice erred in declining to grant the defendant's motion for a continuance. This error was prejudicial to the trial of the defendant's case. In light of our determination concerning the continuance, it will be unnecessary for us to consider the other issues raised by the defendant in support of his appeal.

For the reasons stated, the defendant's appeal is sustained, the judgment of conviction is vacated and the papers in the case are remanded to the Superior Court for a new trial.