**STATE**

v.

**Jose TAPIA.**

**No. 95–137–C.A.**

Supreme Court of Rhode Island.

March 29, 1996.

---

4. The failure to comply with the provisions of chapter 9.1 of title 28 is addressed in § 28–7– 13.1 of the Labor Relations Act.

Andrea Mendes, Special Asst. Atty. Gen., Aaron Weisman, Asst. Atty. Gen., for Plaintiff.

Paula Rosin, Asst. Public Defender, for Defendant.

## OPINION

PER CURIAM.

This case came before the court March 6, 1996, for oral argument pursuant to an order that had directed both the state and the defendant to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The defendant, Jose Tapia, appeals from a judgment of conviction entered in the Superior Court on a charge of delivery of a controlled substance, to wit, heroin.

The principal issue raised by defendant is that the trial justice committed error in refusing to continue his case in order that he might seek new counsel by reason of his dissatisfaction with his court-appointed attorney. The trial justice carefully examined defendant and his counsel and determined that defense counsel had adequately prepared to try the case and was ready to proceed with trial. This decision was within the sound judicial discretion of the trial justice. *State v. Usenia*, 599 A.2d 1026, 1031 (R.I.1991); *State v. Kennedy*, 586 A.2d 1089, 1091 (R.I.1991). Such a decision is reviewable only for abuse of discretion. *Id.* The Sixth Amendment right to counsel must be balanced against the public's right to " 'the efficient and effective administration of criminal justice.' " *Kennedy*, 586 A.2d at 1091. Considering the nature of the charge, the witnesses to be presented, and the quality of the evidence, we are of the opinion that the trial justice did not abuse her discretion, nor did she act arbitrarily in declining to grant defendant a continuance.

The defendant asserts that the trial justice committed error in her instructions to the jury. We have examined her instructions in regard to inferences and credibility and hold that they were not erroneous or prejudicial to defendant.

The defendant also claims prejudice by reason of a question propounded by the prosecutor to a police officer indicating prior police involvement. The defendant's counsel objected to the question, and his objection was sustained. No request for a curative instruction or for a mistrial was made. In sustaining the objection, the trial justice provided the sole remedy to which the defendant was entitled.

For the reasons stated, the defendant's appeal is denied and dismissed. The judgment of conviction is affirmed. The papers in the case may be remanded to the Superior Court.

SHEA, J. not participating.