**STATE**

v.

**Joseph PERRY, et al.**

**No. 96–346–C.A.**

Supreme Court of Rhode Island.

Jan. 12, 1999.

Andrea J. Mendes, Aaron L. Weisman, Providence, for plaintiff.

Paula Rosin, Paula Lynch Hardiman, Robert Mann, Providence, for defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

FLANDERS, Justice.

These appeals from criminal convictions question the legality of a flight-from-the-crime-scene jury instruction. They also challenge the trial justice's refusal to continue the start of the trial in this case because the remaining pool of prospective jurors contained no African–Americans. For the reasons explained below, we deny the defendants' appeals and affirm the Superior Court judgments.

## I

### Flight–From–the–Crime–Scene Jury Instruction

■ After a jury convicted them of conspiracy and assault with a dangerous weapon, defendants, David Perry and his cousin, Joseph Perry, claim on appeal that the trial justice inappropriately charged the jury concerning their flight from the crime scene. The defendants assert that no evidence indicated that they attempted to evade apprehension after they engaged in a murderous attack that left one man dead and another savagely beaten. Their argument, however, overlooks the fact that they never raised this particular objection to the charge with the trial justice.[1] Thus, they cannot invoke it now for the first time on appeal. *See State v. Brown,* 709 A.2d 465, 477 (R.I.1998) (holding that the "raise-or-waive" rule requires a litigant either to bring his or her specific objection(s) and the grounds therefor to the trial justice's attention or to waive the right to raise these alleged errors on appeal); *Egidio*

*DiPardo & Sons, Inc. v. Lauzon,* 708 A.2d 165, 176 (R.I.1998) (same).

■ Nevertheless, such an objection would have been unavailing. The evidence at trial suggested that after administering severe beatings to their two victims, defendants jumped back into their blue car and beat a hasty retreat from the crime scene. Indeed, one of the victims, Brian Paige (Paige), testified that to elude defendants' rampage, he had to run into a neighboring yard, scale fences, and hide under a nearby truck for a period of about three to five minutes before he was able to crawl out towards the road "to see if the coast was clear." When he reached the front of the house where the beatings had occurred, Paige observed that defendants and their blue car had left the scene. He then stated: "I heard a car squealing, and I figured it was them still around the area. So, I was scared so we took off." A reasonable jury could infer from this uncontradicted evidence that defendants had departed hastily from the scene immediately after concluding their nasty business because they wanted to distance themselves from their criminal handiwork. Accordingly, the judge properly instructed the jury that it could consider this flight evidence "on the issue of guilty conscience concerning that which took place."

The defendants also maintain that the trial justice's flight instruction in this case was inadequate under *State v. Cooke,* 479 A.2d 727 (R.I.1984). In *Cooke,* we held that:

"The relevancy of flight as evidence of a defendant's guilt *** depends on the degree of confidence with which a chain of inferences can be followed: (first inference) something the defendant did led him to flee, (second inference) he fled out of consciousness of guilt, (third inference) his consciousness of guilt derived from consciousness of guilt concerning the crime charged, and (fourth inference) his consciousness of guilt concerning a crime

1.  The defendant David Perry's only objection to the flight instruction was as follows: "I object to Your Honor's instruction on flight because I don't think it covered all the parameters which quite frankly I have forgotten and cannot lay out on the record in *State v. Cooke*." The attorney for the other defendant, Joseph Perry, then stat-

ed: "I will explicitly join in [the other defense counsel's] objection to the flight. I would note that both these defendants, according to the testimony, were found in their residences I believe three days after the allegation of the alleged defenses with no evidence of flight."

charged reflects actual guilt of the crime charged." *Id.* at 732–33.

Although in that case we declined to hold that the challenged jury instructions on flight were wanting because defense counsel had failed to comply with Rule 30 of the Superior Court Rules of Criminal Procedure (requiring counsel to make specific objections), we did state that "[i]n the future, however, instructions dealing with flight should take into consideration the four inferences adopted above." 479 A.2d at 733.

■ In this case, the trial justice instructed the jury as follows: "You may consider if you find that there was activity that constituted a crime, the flight of the principal and the abettor on the issue of guilty conscience concerning that which took place." In a case where the evidence might be subject to conflicting interpretations as to whether flight occurred, we agree that the better practice would be for the trial justice to instruct the jury in a manner that explicitly addresses the various *Cooke* factors. Here, however, the uncontradicted evidence showed that defendants fled from the scene of the crime shortly after committing the acts with which they were charged. Thus, this was not a case of defendants' mere eventual departure from the crime scene, nor was it a case where disputed evidence existed as to whether defendants had fled from the crime scene shortly after the criminal acts occurred.

■ As we stated in *Cooke*, "[w]hen the time between a defendant's flight and the crime is virtually immediate, as in this case, the probative value of the flight is much greater than if the flight occurs several weeks or months later. Likewise, when flight occurs immediately, or shortly after a crime, evidence that a defendant knows he is fleeing from the specific crime charged and not some other crime or event becomes less important." *Cooke*, 479 A.2d at 733. Here, as in *Cooke*, defendants' flight from the crime scene occurred within minutes of their commission of the acts that led to their convictions. Furthermore, the undisputed evidence at trial supported the inference that defendants' flight occurred because they were sensible of their guilt for the crimes they had just committed.

■ Moreover, defendants raised no objection whatsoever to the giving of a flight instruction, but only mentioned that it did not "cover[ ] all the parameters *** in *State v. Cooke*." However, for a flight instruction to be valid, it need not cover or explicitly articulate each link in the chain of inferences detailed in *Cooke*. *Cooke*'s injunction—"[i]n the future *** instructions dealing with flight should *take into consideration* the four inferences adopted above" (emphasis added)—does not require that flight instructions in every case explicitly lay out for the jury the four inferences mentioned in *Cooke*. Rather, in deciding whether to instruct the jury on these inferences, the court should consider whether material issues of fact exist that might prevent the jury from drawing such inferences based upon the flight evidence. If the flight evidence is subject to such conflicting interpretations, then the trial justice should expressly instruct the jury according to the *Cooke* factors. Otherwise, there is no need to do so.

■ Here, the flight evidence was clear and uncontradicted. Shortly after committing the crimes with which they were accused, defendants and their blue car disappeared from the crime scene. One of their victims testified that he heard the sound of squealing car brakes and thought it was defendants' departing car. Under these circumstances, we do not believe the trial justice was duty bound to instruct the jury on each of the four inferences referenced in *Cooke*.

■ Recently, in *State v. Reyes*, 705 A.2d 1375 (R.I.1998), we upheld a similarly brief flight instruction. *See also State v. Correia*, 707 A.2d 1245 (R.I.1998). Although the *Reyes* and *Correia* cases contained substantially more evidence to corroborate the accused's consciousness of guilt than the evidence presented in this case, we have never indicated that a defendant's mere flight from a crime scene is insufficient to support such an instruction to the jury. On the contrary, a jury may consider evidence of a defendant's mere flight from the crime scene—without any other indicia or evidence of consciousness of guilt—as circumstantial evidence of a

defendant's actual guilt for the commission of the crime charged if the trial justice is satisfied that the jury can draw the chain of inferences outlined in *Cooke* from the evidence presented.

Finally, we decline defendants' invitation to abandon our repeated endorsement of the use of flight instructions in cases of this sort. Even if defendants had timely raised and preserved such a contention (they did not), we are not persuaded that such a course would be appropriate in light of the potential relevance of a defendant's flight to his or her consciousness of guilt for having actually committed the crime at issue.

## II

### Denial of the Motion for a Continuance to Obtain a New Jury Panel

■ The defendants also claim that the trial justice erred in refusing to continue the beginning of their trial until the court could assemble a new panel of prospective jurors during the following week. The basis for defendants' request was that, as African-Americans, they wanted the existing panel of prospective jurors to include one or more African-Americans, and none were so available at the beginning of their trial.

The trial justice, in our opinion, did not abuse his discretion in denying this motion. This Court rejected a similar argument in *State v. Gaines*, 528 A.2d 305 (R.I.1987). There, the defendant claimed that the trial justice erroneously denied his alternative motion either to pass the case or to bring in a new jury panel when there were no members of his race in the particular pool of assembled jurors from which his jury was chosen. We stated there:

> "[A]n accused has no right to demand that members of his race be on the jury which tries him. He does, however, have a right to require that a state not engage in practices which result in the systematic and deliberate exclusion of his race from the jury lists." *Id.* at 308 (quoting *State v. Clark*, 112 R.I. 270, 275, 308 A.2d 792, 795 (1973)).

■ Here, the defendants have neither alleged nor shown that the jury-selection process resulted in any systematic or deliberate exclusion of African-Americans from the jury pool. Thus, they failed to meet their burden of proof to show that the state engaged in any discriminatory practices. Moreover, we are inclined to leave the denial of a motion for a continuance to the trial justice's discretion. *See State v. Moran*, 699 A.2d 20, 25 (R.I.1997). Absent a showing of abuse, we will not disturb a decision made within that discretion. *See, e.g., State v. Gatone*, 698 A.2d 230, 239–40 (R.I.1997). The defendants made no such showing in this case.

## Conclusion

For these reasons, we deny the defendants' appeals and affirm the judgments below.