**STATE**

v.

**Joseph PERRY et al.**

**No. 99–116–C.A.**

Supreme Court of Rhode Island.

May 14, 2001.

See also: 725 A.2d 264.

---

**884**

Aaron Wesiman, Assistant Attorney General, David M. Trainor, Special Assistant Attorney General, for Plaintiff.

Paula Rosin, Assistant Public Defender, for Defendant.

Present WILLIAMS C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

BOURCIER, Justice.

Following his conviction by a Superior Court jury on one count of first-degree murder, and following entry of final judgment of conviction, Joseph Perry (the defendant) appeals to this Court seeking reversal of his conviction and a new trial.[1]

In support of his appeal, the defendant asserts that the trial justice inappropriately instructed the jury on the elements of second-degree murder, guilt beyond a reasonable doubt, and the mid-trial absence of his co-defendant, David Perry (David).[2] Because the facts in this case are not necessary for our decision, we do not recite the details of the murderous attack committed by the defendant upon his unfortunate victim.

## I

### Second–Degree Murder Instruction

■■■■■ The defendant contends that "[t]he trial justice's instruction regarding the elements of second degree murder was confusing and may well have caused the jury to believe, incorrectly, that premeditation was not an element of the crime." However, the defendant never raised this issue below and, as we repeatedly have stated, "allegations of error committed at trial are considered waived if they were not effectively raised at trial, despite their articulation at the appellate level." *State v. Lyons*, 725 A.2d 271, 273 (R.I.1999) (quoting *State v. Toole*, 640 A.2d 965, 973 (R.I.1994)). Thus, "[b]ecause defendant has not identified any of the narrow exceptions to the raise-or-waive rule as applicable to his claim, we hold that the claim was waived." *State v. Saluter*, 715 A.2d 1250, 1258 (R.I.1998).

■■■■■ Even if the alleged erroneous instruction issue had been raised below, the defendant would gain no benefit therefrom because his underlying contention of error that is made here is without merit. Contrary to that contention, premeditation, while relevant, is not an element of murder in the second degree. *See State v. Barrett*, 768 A.2d 929, 944 (R.I., 2001). *See also State v. Grabowski*, 644 A.2d 1282, 1285 (R.I.1994); *State v. Mattatall*, 603 A.2d 1098, 1106 (R.I.), *cert. denied*, 506 U.S. 838, 113 S.Ct. 117, 121 L.Ed.2d 74 (1992).

---

1. In *State v. Perry*, 725 A.2d 264 (R.I.1999), we upheld jury convictions entered against the defendant and his co-defendant, David Perry, on charges of conspiracy and assault with a dangerous weapon. However, the jury in that trial was unable to reach a verdict on the charge of murder against the two co-defendants.

2. At the close of the state's case, the trial justice granted David's motion for judgment of acquittal.

## II

### Instruction Concerning Absence of Co–Defendant

■ At the close of the state's evidence, the trial justice granted the co-defendant David's motion for judgment of acquittal. Concerned that the jury might draw improper conclusions from David's subsequent absence, the trial justice requested trial counsel to submit proposed instructions that he might give to the jury to explain why David was not there. Without then objecting, defense counsel submitted two proposed instructions and informed the trial justice that his "preference is #1," and that he would "make the objection at the appropriate time." The trial justice, after reviewing the two proposed instructions, chose and read defense counsel's proposed instruction No. 2 to the jury,[3] defense counsel immediately objected for "not giving my defendant's proposed instruction #1."

■ It is well settled that jury members are presumed to follow the instructions given by a trial justice. *See State v. Clark*, 754 A.2d 73, 80 (R.I.2000) (citing *State v. LaRoche*, 683 A.2d 989, 1000 (R.I. 1996)). Accordingly, "a defendant is entitled to a charge that explains and informs the jury of 'those propositions of law that relate to the material issues of fact that the [trial] evidence tends to support.'" *State v. Parkhurst*, 706 A.2d 412, 418 (R.I. 1998) (quoting *State v. D'Alo*, 435 A.2d 317, 319 (R.I.1981)). However, "[a] trial justice is free to instruct the jury in his or

her own words, provided that he or she states the applicable law." *Parkhurst*, 706 A.2d at 418. Once a defendant's requested instructions have been adequately covered by the instructions given to the jury, the refusal to give the instructions requested by the defendant is not error. *See id. See also United States v. Gibson*, 726 F.2d 869, 874 (1st Cir.), *cert. denied*, 466 U.S. 960, 104 S.Ct. 2174, 80 L.Ed.2d 557 (1984) (stating that "[t]he refusal to give a particular requested instruction * * * is reversible error only if 'the instruction (1) is substantively correct; (2) was not substantially covered in the charge actually delivered to the jury; and (3) concerns an important point in the trial so that the failure to give it seriously impaired the defendant's ability to effectively present a given defense'"). "In determining the correctness of a jury charge, 'we determine how a jury composed of ordinarily intelligent persons listening to that instruction at the close of trial would have [interpreted] the instructions as a whole.'" *Parkhurst*, 706 A.2d at 418 (quoting *State v. Cipriano*, 430 A.2d 1258, 1262 (R.I. 1981)).

After reviewing the instruction that the trial justice gave to the jury in the instant case, we are of the opinion that a reasonable juror could not have drawn an improper inference from David's absence from the trial following his judgment of acquittal. Indeed, even if it were possible for the jury to have drawn an improper inference ·from the instruction given concerning David's absence, we note that the

---

3. Instruction No. 2 provided:

"Ladies and gentlemen, you will notice that David Perry is no longer present. This should not be any concern to you. The charge against each defendant must be decided independently. You must draw no inference of any kind of the fact that David Perry is no longer present. You will violate your obligation as jurors if you speculate about the meaning of his absence. The state and the defendant are entitled to have this case against Joseph Perry decided on the evidence or lack of evidence at trial, not the speculation of David Perry's absence. At the end of the case and your deliberations, I'll explain to you exactly why David Perry is not here."

trial justice was not the author of that particular portion of the jury instruction, but that he used the very words proposed and submitted to him by the defendant's own trial counsel.[4] Considering that the trial justice was given a choice between the two sets of proposed instructions, and considering that the trial justice chose one of those proposals, his later refusal to withdraw that choice and give the other proposed instruction did not constitute error.

## III

### Reasonable Doubt Instruction

The defendant contends that the trial justice impermissibly shifted the burden of proving the defendant guilty beyond a reasonable doubt away from the state when he instructed the jury to acquit the defendant if it thought that there was a "real possibility" that he was not guilty. The instruction that the defendant challenges is as follows:

> "If based on your consideration of the evidence you are firmly convinced that the defendant is guilty of the crime charged you must find him guilty. If, on the other hand, you think there is a real possibility that he is not guilty you must give him the benefit of the doubt and find him not guilty."

"[T]his court examines jury instructions in their entirety to determine the manner in which a jury of ordinary, intelligent lay persons would have comprehended them." *State v. Anderson*, 752 A.2d 946, 951 (R.I.2000) (quoting *State v. Grabowski*, 672 A.2d 879, 882 (R.I.1996)). Consequently, " '[a] single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of

the overall charge.' " *Saluter*, 715 A.2d at 1257 (quoting *Gibson*, 726 F.2d at 874).

"Defining for a jury when doubt is reasonable, while an inexact science, does not shift the burden of proof to the defendant when no part of the definition contradicts the court's plain instruction that the burden is entirely the [s]tate's." *State v. Castle*, 86 Wash.App. 48, 935 P.2d 656, 661 (1997). Thus, "[a]lthough we think that the ['real possibility of innocence' language] might possibly engender some confusion as to the burden of proof if it stood by itself," *Saluter*, 715 A.2d at 1257 (quoting *Gibson* 726 F.2d at 874), when the trial justice instructs the jury that the burden of proving the defendant guilty beyond a reasonable doubt rests upon, and never shifts from, the state throughout the trial, the overall charge is "sufficient to dispel any possible confusion or misunderstanding arising from the reasonable doubt definition." *Id.*

In the present case, in addition to the challenged instruction, the trial justice instructed the jury to:

> "consider all the evidence and the testimony as prudent, careful, experienced men and women. You are not called upon to solve a mystery. You are not to find guilt by speculation. You must find guilt if you find that the state has proven the charge to your satisfaction beyond a reasonable doubt."

He specifically instructed the jury that "the burden of proof is on the state. It never shifts to the defendant. The defendant need not prove anything." He also instructed the jury that:

> "the defendant [is] presumed innocent. He's presumed innocent at this very mo-

---

4. It ill behooves the defendant here on appeal to contend that one of the requested jury instructions that his counsel prepared and presented to the trial justice, and which the trial justice later read to the jury, was an erroneous instruction, without arousing the suspicion of "judicial sandbagging."

ment. That presumption will leave him only if and when all twelve who are ultimately selected to decide this case find that the state has proven the case beyond a reasonable doubt, and then, only then, does that presumption leave him. He is cloaked with that presumption until that happens."

Viewing the trial justice's instruction in its entirety, we are convinced that at no time was the state's burden of proving the defendant guilty beyond a reasonable doubt ever shifted away from the state and placed upon the defendant; rather, viewed in its entirety, the instruction correctly informed the jury that it was the state's burden to prove the guilt of the defendant beyond a reasonable doubt. *See Saluter*, 715 A.2d at 1257. Consequently, we con-clude that the reasonable doubt instruction given by the trial justice was not errone-ous.

## IV

## Conclusion

For the foregoing reasons, the defen-dant's appeal is denied and dismissed. The judgment of conviction is affirmed and the papers in this case are remanded to the Superior Court.