STATE

v.

Andrew P. COOK.

No. 2000–58–C.A.

Supreme Court of Rhode Island.

Oct. 26, 2001.

Aaron L. Weisman, Providence, for Plaintiff.

Paula Lynch Hardiman/David A. Levy, Providence, for Defendant.

Present WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument on September 24, 2001, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. The facts pertinent to this appeal are as follows.

The State of Rhode Island (state), appeals from the order of a Superior Court trial justice on a motion *in limine* to exclude an answering machine tape in its prosecution of defendant Andrew P. Cook (defendant). The defendant was charged with one count of second-degree sexual assault and one count of domestic simple assault. The defendant allegedly assaulted his estranged wife, Donna Lee Tilley (Tilley), at her home on the morning of March 29, 1998. Specifically, the evidence consisted of two messages left by the defendant on Tilley's answering machine.

It is well settled that "[d]ecisions about the admissibility of evidence on relevancy grounds are left to the sound discretion of the trial justice." *State v. Oliveira,* 774 A.2d 893, 921 (R.I.2001) (quoting *State v. Botelho,* 753 A.2d 343, 350 (R.I.2000)). "Absent a showing of abuse of discretion this [C]ourt will not overturn the trial justice's ruling on the admissibility of evidence." *Id.* at 917 (quoting *State v. Stewart,* 663 A.2d 912, 924 (R.I.1995)). The trial justice excluded the phone messages, ruling that the messages were more prejudicial than probative, pursuant to Rule 403 of the Rhode Island Rules of Evidence. Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice * * * or needless presentation of cumulative evidence." In the instant case, there is no evidence that the trial justice abused his discretion because the tape does not include any threats or evidence of a plan to assault the victim. The tape contains only harsh and vulgar language directed toward Tilley that could be considered unfairly prejudicial.

However, in addition to this ruling, we reiterate that "the granting of a motion in limine need not be taken as a final determination of the admissibility of the evidence." *State v. Fernandes,* 526 A.2d 495, 500 (R.I.1987). The trial justice can reconsider the motion *in limine* during the trial or in rebuttal. This is because "[t]he purpose of the motion in limine is to 'prevent the proponent of potentially prejudicial matter from displaying it to the jury * * * in any manner until the trial court has ruled upon its admissibility in the context of the trial itself.'" *Id.* (quoting *Lagenour v. State,* 268 Ind. 441, 376 N.E.2d 475, 481 (1978)). Finally, "[b]y adopting this approach, we do not suggest that a determination made

 

upon a motion in limine should be ignored by the parties but only that the trial justice may, in appropriate circumstances, reconsider such a determination without committing error per se." *Id.*

Accordingly, we conclude that the trial justice did not abuse his discretion in excluding the answering machine tape. The state's appeal is denied and dismissed and the order of the Superior Court is affirmed.