STATE

v.

**Felipe ALMONTE.**

No. 2001–335–C.A.

Supreme Court of Rhode Island.

June 9, 2003.

Lauren Sandler Zurier, Aaron L. Weisman, Providence, for Plaintiff.

Catherine Gibran, Paula Rosin, Providence, James Moretti, Cranston, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, and FLAHERTY, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument on May 13, 2003, pursuant to an

order directing all parties to appear in order to show cause why the issues raised on this appeal should not summarily be decided. After considering the arguments of counsel and the memoranda filed by the parties, we are of the opinion that cause has not been shown and shall proceed to decide the case at this time.

The defendant, Felipe Almonte (defendant), appeals the trial court's judgment of conviction following a jury trial in Superior Court. We deny and dismiss defendant's appeal. The facts pertinent to this appeal are as follows.

The defendant was charged by criminal information (P2/97–3694A) with breaking and entering, malicious destruction of property, and felony domestic assault with a metal object. The defendant also was charged under (P2/98–1054A) with domestic felony assault with a car, robbery in the second degree, operating a motor vehicle without consent of the owner, and larceny of car keys. The two informations were consolidated for trial.

These charges stemmed from incidents between defendant and his girlfriend, Mercedes Escoto (Escoto). Escoto testified that one afternoon in late July, defendant had driven up behind Escoto while she was driving and repeatedly struck her car with his car. Escoto stopped her car on the street and the two began to argue. The next day she met defendant at her friend Susana Rodriguez's residence, where they argued again. At that time, defendant purportedly took Escoto's keys from her shirt pocket and left in her car. According to Rodriguez, defendant pulled Escoto by the shirt and pushed her into the couch while taking the keys from her. Escoto called the police after this incident.

Escoto testified that later that same day defendant used her keys to enter her house and assaulted her. He returned after midnight and attempted to enter Escoto's apartment again, but in the intervening period she had the locks to her apartment changed. She testified that she saw defendant outside a fourth floor window trying to gain entry into her apartment. Escoto's son, Angel Polanco, also testified that he saw a person attempting to gain entry through his fourth floor bedroom window. However, Escoto closed the window, denying access to the apartment.

Next, Escoto ran outside to use a pay phone. According to Escoto, defendant caught up with her and began yelling at her while hitting her with a metal object. Escoto fell to the ground and was bleeding from a wound to her head. She also suffered injuries to her arms and legs in this attack. After the police arrived, defendant was arrested and Escoto was escorted home. Escoto testified that she went to the Pawtucket police station a few days later to retrieve her car. She then discovered that her car would not start because it had sugar in the engine.

Other witnesses testified at trial, including Officer Clarence Gough (Officer Gough), the Providence police officer who arrived at the scene. Officer Gough testified that he had responded at approximately 11:30 p.m. to a call regarding a domestic disturbance at the Escoto residence. He compiled a report of domestic assault and reported Escoto's vehicle stolen. Later that night, Officer Gough saw Escoto struggling with defendant in the street. According to Officer Gough, defendant was hitting Escoto with a metal object, which the officer seized as evidence and which he described as a table leg. Officer Gough also seized two sets of keys, and placed defendant under arrest.[1]

1. It should be noted that both the metal object and keys were misplaced in an evidence room

The defendant testified on his own behalf and denied the allegations against him. Although defendant admitted to arguing with Escoto, he claimed that Escoto had attacked him and he had acted in self-defense. At trial, defendant also testified that Officer Gough had beaten him on the night of the arrest, which the officer denied on rebuttal. The defendant then sought to introduce his mother as a surrebuttal witness to discredit the officer. His request was denied because the mother was present in the courtroom during Officer Gough's testimony while a sequestration order was in effect for all witnesses.

The defendant's motion for judgment of acquittal was granted with respect to the breaking and entering charge, and he was found not guilty of malicious destruction of property, robbery, and domestic felony assault with a car. However, the jury returned a guilty verdict for larceny of the car keys (as a lesser included offense of robbery), domestic felony assault with a metal object, and driving a motor vehicle without the consent of the owner. The defendant was sentenced to concurrent terms of ten years (four years to serve, six years suspended) on the domestic felony assault count, five years (three years to serve, two years suspended) on the larceny count, and a one year suspended sentence for driving a motor vehicle without consent of the owner.

■ On appeal, defendant challenges the admission of Angel Polanco's testimony, based on his contention that the witness' name was not provided to defendant pursuant to Rule 16 of the Superior Court Rules of Criminal Procedure.[2] However, Angel Polanco's testimony was strictly limited to matters pertaining to the breaking and entering charge. Because defendant was acquitted of that charge, we hold that he was not prejudiced by Angel Polanco's testimony. Even assuming arguendo that the trial justice erred in admitting this testimony, any such error was harmless beyond a reasonable doubt.

■ The defendant also challenges the exclusion of the witness testimony offered at trial to discredit Officer Gough. The defendant claims that his mother would have testified about having overheard Officer Gough in the courthouse hallway admit to beating defendant on the night of his arrest. He offered this testimony to impeach Officer Gough's credibility after he had denied these allegations on rebuttal. The defendant argues that because the state was able to present its rebuttal witness, he was unfairly denied a "meaningful opportunity to present a complete defense."

■ It is well settled that the admissibility of evidence is vested soundly within the discretion of the trial justice. *State v. Cook*, 782 A.2d 653, 654 (R.I.2001) (per curiam). We conclude that the trial justice correctly precluded the testimony of defendant's mother. Because defendant's mother was in the courtroom during Gough's testimony, her appearance as a witness would have violated a sequestration order that was in effect for all witnesses.[3] This Court has held that "it is an abuse of discretion to preclude a criminal defense witness's testimony for violation of a sequestration order unless special circum-

---

and were not presented at the trial.

**2.** Although defendant at the time was represented by counsel who only requested materials pertaining to Escoto's background, defendant, acting *pro se*, also submitted a "Motion for Discovery and Bill of Particulars," in which he requested from the state "the discovery package."

**3.** It should be noted that defendant did not object to the sequestration order at trial.

stances exist that would warrant the preclusion." *State v. Burke*, 522 A.2d 725, 729 (R.I.1987). In this instance, however, the proposed testimony was offered as surrebuttal. We have held,

> "The purpose of surrebuttal is to permit the defendant to introduce evidence in refutation or opposition to new matters interjected into the trial by the plaintiff on rebuttal. * * * In other words, fairness requires that the defendant be permitted to oppose new matters presented by plaintiff for the first time which the defendant *could not have presented or opposed at the time of presentation of his main case.* Contrariwise, the purpose of surrebuttal is not the introduction of evidence merely cumulative to that presented by the defendant in its original presentation. * * * *It follows that the defendant has no right to present surrebuttal evidence merely because the plaintiff has presented rebuttal evidence.*" *State v. Stewart,* 663 A.2d 912, 927–28 (R.I.1995) (quoting *State v. Byrnes,* 433 A.2d 658, 669–70 (R.I.1981)).

In this case, the proposed testimony would have been cumulative, as it was not offered to counter any new evidence offered by Officer Gough on rebuttal. Furthermore, we repeatedly have held that a non-defendant witness cannot be impeached by extrinsic evidence on a collateral issue, and whether Officer Gough had beaten defendant when he arrested him was a collateral matter in this case. *State v. Walsh,* 731 A.2d 696, 698 (R.I.1999) (per curiam). Thus, we hold that the trial justice did not abuse his discretion in precluding the testimony of defendant's mother.[4]

For the foregoing reasons, the defendant's appeal is denied and dismissed and the judgment appealed from affirmed. The papers of this case are remanded to Superior Court with instructions consistent with this opinion.

---

4. It should be noted that defendant offers several other bases for his appeal in a *pro se* supplemental prebrief. Some of the arguments were not raised at trial. It is well settled that "[a]llegations of error committed at trial are considered waived if they were not effectively raised at trial, despite their articulation at the appellate level." *State v. Kaba,* 798 A.2d 383, 388 (R.I.2002) (quoting *State v. Perry,* 770 A.2d 882, 884 (R.I.2001)). Although an exception to the rule exists when " 'basic constitutional rights are concerned[,]' * * * [i]n those cases, the 'alleged error must be more than harmless, and the exception must implicate an issue of constitutional dimension derived from a novel rule of law that could not reasonably have been known to counsel at the time of trial.' " *Id.* This Court has considered defendant's other *pro se* arguments but will not address them within because they lack any merit whatsoever.