## STATE

### v.

## Gordon LAWLESS.

### No. 2008–237–C.A.

Supreme Court of Rhode Island.

June 17, 2010.

Lauren S. Zurier, Department of Attorney General.

C. Daniel Schrock, Esq.

### O R D E R

This case came before the Supreme Court on May 6, 2010, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. The defendant, Gordon Lawless (defendant or Lawless), appeals from a jury verdict finding him guilty of second-degree sexual assault.[1] The defendant was sentenced to fifteen years in the Adult Correctional Institutions, with three years to serve, twelve years suspended and twelve years of probation. After reviewing the memoranda submitted by the parties and hearing counsel's arguments, we are satisfied that cause has not been shown and, thus, the appeal may be decided at this time.

The defendant raises two issues on appeal. First, defendant contends that the trial justice abused his discretion by not granting an oral motion for continuance so defendant could obtain new counsel. Second, he alleges that the trial justice erred by not granting defendant's request for a hearing on whether the composition of the

---

1. The trial concerned a sexual assault by defendant of his stepdaughter's friend, a fourteen-year-old victim. The specific facts that led to this incident and subsequent conviction are not pertinent on appeal given the technical nature of the issues raised. We mean no disrespect to the victim in this case by not reciting the underlying facts.

jury resulted in a systematic and deliberate exclusion of men.

The facts giving rise to these issues are straightforward. On February 28, 2006, the first day of trial, before jury selection, defendant's court-appointed counsel told the court that Lawless wanted a new attorney because the aforementioned counsel had "highly recommended" that Lawless consider a plea offer from the state. The defendant indicated that although he had inquired about hiring a new attorney, monetary constraints prevented him from doing so; he suggested to the trial justice that he would try again or that the court could appoint a new lawyer. The trial justice then confirmed that defendant had known about the plea offer since January 9, 2006—approximately seven weeks before trial. The trial justice also noted that the jurors were present for *voir dire* and that counsel and the witnesses were ready to proceed. The trial justice therefore refused to continue the matter so that defendant could seek a new lawyer.

With regard to the second issue on appeal, defendant avers that on the first day of trial he moved to pass the case and continue the matter until the jury panel reflected a "better mix" of men and women. The jury list contained forty-eight names and, defense counsel argued, that there were only five men.[2] The defendant stated that he had "no intention of challenging the system" with regard to the jury selection and instead stated that he wanted a new panel and asked the court to take a "close look." The trial justice denied the request for a hearing on the jury panel because "the defendant [was] not

articulating a particular act of discrimination that he says the Jury Commissioner's Office has engaged in."

At the close of the state's case-in-chief, defendant stated that "I specifically would like the record to indicate that I am not making a Rule 29 motion" for judgment of acquittal or motion to dismiss.[3] After the jury returned its verdict of guilty, defendant indicated that he would not be filing a motion for a new trial. This subsequent appeal followed, raising the issues concerning defendant's request for new counsel and the jury-selection process.

We review a trial justice's decision to deny a continuance for a party to retain new counsel under an abuse of discretion standard. *See State v. Tapia*, 673 A.2d 54, 55 (R.I.1996) ("The principal issue raised by [the] defendant is that the trial justice committed error in refusing to continue his case in order that he might seek new counsel by reason of his dissatisfaction with his court-appointed attorney. * * * Such a decision is reviewable only for abuse of discretion."); *State v. Bleau*, 668 A.2d 642, 645 (R.I.1995) ("It is well settled that the decision whether to grant a defendant's request for a continuance to secure alternative counsel lies within the sound discretion of the trial justice."). Accordingly, we will review for an abuse of discretion, defendant's assertion that he should have been provided with a new attorney.

The defendant contends that his motion to obtain new counsel should have been granted because there were exceptional circumstances to justify the motion, includ-

---

2. We note that the ratio of female to male jurors is unclear in the record before us. Although defense counsel contended that there were only five men, the trial justice and the prosecutor subsequently agreed that there were eleven men. The actual number does not change the result in this case.

3. This is referring to Rule 29 of the Superior Court Rules of Criminal Procedure, which governs motions for judgment of acquittal and motions to dismiss.

ing that he had informed his lawyer he was innocent and wanted a jury trial. The state, conversely, asserts that it was a proper exercise of the trial justice's discretion to deny defendant's request, in light of its timing and the fact that there was no alternate counsel available to try the case, which had been called ready for trial.

Given our well established standard of review, we deem defendant's argument without merit. The record before us discloses that Lawless knew of the state's plea offer for approximately seven weeks before the trial date. His request for a continuance appears to be nothing more than an eleventh-hour attempt to delay the trial in the hope that the outcome would change. It also is important to note that defendant's appointed counsel in this case, while recommending the plea deal, advised the trial justice that he was prepared for trial. There is nothing in the record before us that demonstrates that the trial justice abused his discretion when he refused to delay the trial. The trial justice's decision to deny defendant's request was based on the fact that defendant was aware of the plea offer for seven weeks and had that entire time to seek new counsel. *Cf. State v. Farman*, 600 A.2d 726, 728 (R.I.1992) (in which this Court held that the defendant's motion for a continuance to seek new counsel should have been granted due to the unusual circumstances surrounding the case and reversed the decision of the trial justice).

The second issue raised by defendant is whether the trial justice erred by refusing his request for a hearing on whether the jury selection process resulted in a systematic and deliberate exclusion of men. The defendant avers that the trial justice's refusal to grant a hearing and allow defendant the opportunity to "hire experts" so he could develop his contention that the jury selection in this case resulted in a "systematic and deliberate exclusion of a particular gender." The state, on the other hand, contends that defendant has not established a *prima facie* violation of the fair cross-section requirement, as found in the Sixth Amendment to the United States Constitution.

We review a trial justice's decision on a defendant's motion to delay jury selection or dismiss a jury panel under an abuse of discretion standard. *See State v. Sosa*, 839 A.2d 519, 528 (R.I.2003) ("In our opinion, the trial justice did not abuse his discretion in denying [the] defendant's motion to dismiss the panel. * * * Given [the] defendant's inability to provide any proof whatsoever to support his contentions, the trial justice correctly rejected the motion to dismiss the panel."); *State v. Perry*, 725 A.2d 264, 268 (R.I.1999) ("Moreover, we are inclined to leave the denial of a motion for a continuance to the trial justice's discretion. *See State v. Moran*, 699 A.2d 20, 25 (R.I.1997). Absent a showing of abuse, we will not disturb a decision made within that discretion.").

The Sixth Amendment to the United States Constitution ensures that a jury represents a cross section of the community. *See Taylor v. Louisiana*, 419 U.S. 522, 528, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). As this Court has previously stated:

> "To demonstrate a *prima facie* violation of the fair-cross-section requirement, the defendant must establish: '(1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this under representation is due to systematic exclusion of the group in the jury-selection process.'" *Sosa*, 839 A.2d at 528 (quoting *Duren v.*

*Missouri*, 439 U.S. 357, 364, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979)).

Here, defendant stated to the trial justice that the issue he was raising with regard to the composition of the jury was not a case of "systematic exclusion" of men and that he had no intention of "challenging the system." The trial justice addressed this issue in a concise and appropriate way and gave the defendant an opportunity to explain his reasons for wanting a continuance. However, Lawless declared that he was not going to challenge the system, and the trial justice appropriately denied defendant's request. The trial justice did not abuse his discretion in failing to inquire further into the issue.

It is clear from the record before us that the defendant did not meet his burden to establish a *prima facie* case, as we explained in *Sosa*. There simply is no evidence in the record showing that this jury was not a fair cross section of the community; nor was there any reason for the trial justice to think otherwise. *See Perry*, 725 A.2d at 268 ("[The] defendants have neither alleged nor shown that the jury-selection process resulted in any systematic or deliberate exclusion of African–Americans from the jury pool. Thus, they failed to meet their burden of proof to show that the state engaged in any discriminatory practices."); *State v. Gaines*, 528 A.2d 305, 308–09 (R.I.1987) ("defendant makes neither an allegation nor a showing that the jury-selection process * * * has resulted in the systematic and deliberate exclusion of members of a particular race * * * defendant has clearly not met his burden of proof; thus, the denial of his motions was not error").

For the reasons stated in this order, we affirm the conviction of the Superior Court. The defendant's appeal is denied and dismissed; and the record shall be remanded to the Superior Court.