**RHODE ISLAND BOARD OF GOVERNORS FOR HIGHER EDUCATION**

v.

**Jeffrey M. NEWMAN et al.**

**No. 94–737–Appeal.**

Supreme Court of Rhode Island.

Feb. 17, 1997.

Nicholas Trott Long, Michael McElroy, Providence, for Plaintiff.

Steven E. Snow, Providence, for Defendant.

## OPINION

WEISBERGER, Chief Justice.

This case comes before us on appeal by Jeffrey M. Newman (defendant) from a grant of summary judgment entered in Superior Court in favor of the Rhode Island Board of Governors for Higher Education (plaintiff), reversing a decision of the Rhode Island Personnel Appeal Board (appeal board). We sustain the judgment of the Superior Court.

The issue presented is whether a nonclassified state employee may appeal his termination of employment to the appeal board. We answer this question in the negative. The undisputed facts surrounding this appeal are as follows.

The defendant was hired as a special assistant for higher education policies and issues research in the Office of Higher Education on January 24, 1993. His position was categorized as probationary and nonclassified. He served in that capacity until June 11, 1993, when he was terminated by the commissioner of the Rhode Island Board of Governors for Higher Education. The defendant appealed the termination decision to the appeal board pursuant to G.L.1956 §§ 36–3–10(a)(3) and 36–4–42, alleging that his termination was motivated by discrimination on the basis of his political beliefs. The plaintiff asserted that the appeal board did not have jurisdiction over nonclassified state employees. On December 21, 1993, the appeal board determined that defendant had established jurisdiction under §§ 36–3–10(a)(3) and 36–4–42. On January 6, 1994, prior to a

hearing on the merits of defendant's claim, plaintiff appealed the determination of jurisdiction to the Superior Court pursuant to G.L.1956 § 42–35–15. The plaintiff subsequently moved to stay the appeal proceedings pursuant to § 42–35–15(c), pending resolution of its appeal of the determination of jurisdiction. On February 24, 1994, plaintiff's motion for a stay of the appeal proceedings was granted. On June 13, 1994, defendant filed a motion for summary judgment. On August 5, 1994, plaintiff filed a cross-motion for summary judgment. On September 2, 1994, the trial justice denied defendant's motion for summary judgment and granted summary judgment for plaintiff, concluding that the appeal board had no jurisdiction over nonclassified employees and that therefore, defendant did not have the right to appeal his termination to the appeal board. This appeal followed.

In support of his appeal, defendant contends that §§ 36–3–10(a)(3) and 36–4–42 authorize the appeal board to make a determination of the discrimination claims of any state employee, regardless of the category to which his position belongs.[1] He acknowledges that § 36–3–10 is generally limited to classified employees,[2] but he contends that § 36–3–10(a)(3) is not so limited. Section 36–3–10(a)(3) provides, in pertinent part:

"**Appeals to appeal board.**—(a) The personnel appeal board shall hear appeals:

(3) By *any person* who holds the belief that he or she has been *discriminated* against because of his or her race, sex, age, handicap, or his or her political or religious beliefs in any personnel action." (Emphasis added.)

---

1. Positions in the state government of Rhode Island are categorized by statute as classified, unclassified, and nonclassified. General Laws 1956 § 36–4–2 provides that classified positions include all those not specifically denoted as unclassified positions by § 36–4–2 or "heretofore or hereinafter specifically exempted by legislative act." Nonclassified positions include all professional positions in the Office of Higher Education under G.L.1956 § 16–59–7. General Laws 1956 § 16–59–7 was repealed by P.L.1996, ch. 404, § 21, effective August 9, 1996, but was in effect at all times relevant to this controversy.

2. For example, G.L.1956 § 36–3–10(a) provides:

"(a) The personnel appeal board shall hear appeals:
(1) By any person with provisional, probationary, or permanent status in a position in the *classified service* aggrieved by an action of the administrator of adjudication for the department of administration on matters of personnel administration. (Emphasis added.)
(2) By any person with provisional, probationary, or permanent status in a position in the *classified service* who has been discharged, demoted, suspended, or laid off by any appointing authority." (Emphasis added.)

The defendant further contends that § 36–4–42, which applies to "[a]ny state employee," provides the appeal board with jurisdiction to resolve the discrimination claims of all state employees. Section 36–4–42 provides, in pertinent part:

> "**Appeal from appointing authority to appeal board.**—*Any state employee* with provisional, probationary, or permanent status who feels aggrieved by an action of an appointing authority resulting in a demotion, suspension, layoff, or dismissal or by any personnel action which an appointing authority might take which causes the person to believe that he or she had been discriminated against because of his or her race, sex, age, handicap, or his or her political or religious beliefs, may, within thirty (30) calendar days of the mailing of the notice of that action, appeal in writing to the personnel appeal board for a review or public hearing." (Emphasis added.)

The defendant contends that the trial justice erred in his interpretation of these two statutes. He argues that the broad language of the provisions is evidence that the Legislature intended to grant jurisdiction to the appeal board over his discrimination claim irrespective of the category of his position in the state government. The plaintiff contends that defendant's nonclassified position in the Office of Higher Education is instead governed by G.L.1956 § 16–59–7, which specifically limits authority over nonclassified employees to the commissioner of higher education. Section 16–59–7 provides, in pertinent part:

> "**Office of higher education—Personnel Board.**—All professional positions, including instructional and research positions, and administrative positions shall not be in the classified service of the state nor be subject in any manner to control by the personnel administrator or by any officer or board other than the commissioner of higher education."

The plaintiff contends that the plain language of § 16–59–7 bars defendant from appealing his termination to the appeal board.

In our review of an entry of summary judgment, this court must apply the same standard as the trial justice below. *Textron, Inc. v. Liberty Mutual Insurance Co.,* 639 A.2d 1358, 1362 (R.I.1994). The trial justice must review the pleadings, affidavits, and other evidence in the light most favorable to the party opposing the motion. *Id.* If, when the evidence is viewed in such a light, no material issues of fact remain and the moving party is entitled to judgment as a matter of law, the trial justice must enter summary judgment. *Id.*

In the instant case the parties stipulated that defendant's position with the Office of Higher Education was nonclassified and probationary. Our task is to determine whether the two statutory provisions relied upon by defendant can be applied to provide the appeal board with jurisdiction over his claim. In making this determination, we are guided by the well-settled principle of statutory construction by which we must ascertain and give effect to the intent of the Legislature. *Labbadia v. State,* 513 A.2d 18, 21 (R.I.1986); *State v. Delaurier,* 488 A.2d 688, 693 (R.I.1985). In such an analysis the court must first examine the statute in its entirety and then the individual provisions in the context of the whole, not as if each provision were independent of the whole. *Stone v. Goulet,* 522 A.2d 216, 218 (R.I.1987); *Berkshire Cablevision of Rhode Island, Inc. v. Burke,* 488 A.2d 676, 679 (R.I.1985). The trial justice followed this method.

In his analysis in the instant case the trial justice examined title 36 as a whole in order to determine whether the two provisions relied upon by defendant could be interpreted to contemplate appeal board jurisdiction over nonclassified employees when considered together with § 16–59–7. He noted first that when the Legislature intended to include nonclassified employees within title 36, they were specifically included, as in the provision making the Code of Ethics for Public Officers applicable to nonclassified employees.[3] He then noted that when nonclassified employees were not intended to be covered in title 36, they were specifically excluded, as in the provision excluding them from the state

---

3. G.L.1956 § 36–14–4, as defined by § 36–14–2(3).

retirement system for classified employees.[4] The trial justice next examined § 16–59–7, which he interpreted to mean that defendant could not be both a nonclassified employee and subject to the authority of any board other than the commissioner of higher education. He next attempted to reconcile §§ 36–3–10(3), 36–4–42, and 16–59–7 and noted that he could not adopt defendant's argument for appeal board jurisdiction under the title 36 provisions without disregarding the plain language of § 16–59–7. The trial justice concluded that the only way to give effect to the legislative intent undergirding each statute would be to limit the application of title 36 to classified and unclassified state employees, and title 16 to nonclassified employees. We agree.

We are of the opinion that the appeal board has no jurisdiction over nonclassified employees who are subject to the exclusive control of the commissioner of higher education under § 16–59–7. Title 36 has no application to nonclassified employees, and therefore defendant in the instant case is not subject to § 36–3–10 or § 36–4–42. In so holding, we conclude that the special provision trumps the general.[5]

For the reasons stated, the defendant's appeal is denied and dismissed. The judgment of the Superior Court is affirmed, and the papers in the case may be remanded to the Superior Court.

---

4. G.L.1956 § 36–9–2 excludes "employees who may be required or elect to participate in a retirement program existing by virtue of chapter 17.1 of title 16" (state retirement system extended to teachers in state schools).

5. We do not in any way purport to hold that there may not be other remedies available to Jeffrey Newman, but not in regard to title 36, which applies only to classified and unclassified employees.