**Janine DANSEREAU**

v.

**Michael BEIRNE, and Field Crest Cannon, Inc.; Transnational Leasing, Inc.; and Crum & Forster Commercial Insurance.**

**No. 96–182–Appeal.**

Supreme Court of Rhode Island.

Oct. 30, 1997.

John H. Ruginski, Jr., Providence.

Kevin J. Holley, Providence.

**ORDER**

This case came before a panel of this court on October 21, 1997, pursuant to an order directing the parties to appear and show cause why the issues raised in the plaintiff's appeal from the Superior Court trial justice's

granting of summary judgment in favor of the defendants Michael Beirne (Beirne) and Field Crest Cannon, Inc. (Field Crest) should not be summarily decided.

After hearing the arguments of counsel and considering the memoranda submitted by the parties, we are of the opinion that cause has not been shown. The issues raised in the appeal will be decided at this time.

The plaintiff, Janine Dansereau (Dansereau), was involved in a car accident while driving her car in the state of Connecticut. The other vehicle involved in the accident was a car driven by defendant, Beirne. Beirne was alleged in Dansereau's complaint to be an employee of Field Crest and was, according to Dansereau, operating the car with the permission of Field Crest. It was later discovered that the Beirne named in the complaint was not an employee of Field Crest and that it was actually Beirne's father, also named Michael Beirne, who was the Field Crest employee. The father Michael Beirne was a passenger in the car when the accident allegedly took place.

Dansereau moved for summary judgment in the Superior Court on the basis that Field Crest did business in the state of Rhode Island and that, therefore, minimum contacts existed for personal jurisdiction. She also asserted that because Beirne was an agent of Field Crest, Field Crest was liable on the basis of vicarious liability. The defendants objected to Dansereau's motion for summary judgment and, in return, filed their own motion to dismiss for lack of personal jurisdiction, insufficiency of process and insufficiency of service of process with respect to both Beirne and Field Crest.

The trial justice granted summary judgment in favor of the defendants, concluding that there was no personal jurisdiction. Dansereau appeals therefrom claiming that Field Crest had minimum contacts with the state of Rhode Island and that, therefore, there was personal jurisdiction over Field Crest.

We conclude that the trial justice's decision was correct. However, the form of the judgment entered was erroneous. In response to Dansereau's motion for summary judgment,

the defendants filed an objection along with their motion to dismiss for lack of personal jurisdiction, insufficiency of process and insufficiency of service of process. Although the trial justice agreed with the defendants that there were insufficient minimum contacts with the state of Rhode Island to confer personal jurisdiction, he granted summary judgment in favor of the defendants pursuant to Rule 56 of the Superior Court Rules of Civil Procedure instead of dismissing the action in accordance with Rule 12(b)(2) of the Superior Court Rules of Civil Procedure as requested by the defendants' motion. Since there was no motion for summary judgment filed by the defendants and, according to Super.R.Civ.Pro. 12(b) and (c), only motions for judgment on the pleadings and motions to dismiss for failure to state a claim upon which relief can be granted can be transformed into summary judgment motions if matters outside of the pleadings are considered, the trial justice was without the authority to treat the defendants' motion to dismiss for lack of personal jurisdiction, insufficiency of process and insufficiency of service of process as a summary judgment motion. Furthermore, once the trial justice made the determination that there was no personal jurisdiction, he could not then grant summary judgment in the defendants' favor. *See Mitchell v. Burrillville Racing Ass'n,* 673 A.2d 446 (R.I.1996) (per curiam).

Accordingly, because the entry of summary judgment against the defendants was not in accordance with the defendants' motion before him and because the trial justice should have instead granted the defendants' motion to dismiss for lack of personal jurisdiction without prejudice, we sustain the appeal, vacate the judgment previously entered by the trial justice, and remand the case to the trial justice with directions to enter a final judgment dismissing the action pursuant to Rule 12(b)(2).

For all the foregoing reasons, the appeal is sustained. The judgment appealed from is reversed. The papers in this case are remanded to the Superior Court with di-

rections to enter judgment in accordance with this opinion.

FLANDERS and GOLDBERG, JJ., did not participate.