## GENERAL FINANCIAL SERVICES, INC.

v.

## Louis B. ABILHEIRA, et al.

No. 98–277–Appeal.

Supreme Court of Rhode Island.

Nov. 17, 1999.

### ORDER

The plaintiff, General Financial Services, Inc., appeals from orders which vacated a default judgment in its favor and granted summary judgment in favor of the defendants, Louis B. Abilheira (Abilheira) and his wife, Susan Abilheira, in their individual capacities and doing business as BG & A, Inc. The plaintiff contends that the Superior Court erred (1) in granting the defendants' motion to vacate an order that allowed plaintiff to enter a default judgment against Abilheira for his discovery noncompliance and (2) in granting the defendants' summary-judgment motion. We ordered the parties to show cause why this appeal should not be summarily decided. None having been shown, we proceed to resolve this appeal.

The plaintiff moved for entry of a default judgment against Abilheira on the grounds of his alleged noncompliance with an outstanding discovery order compelling the production of certain documents requested by plaintiff. After Abilheira failed to object to this motion or to attend the hearing thereon, a Superior Court motion justice granted plaintiff's motion. However, no written order or default judgment entered embodying this ruling. *See* Super.R.Civ.P. 58(a) (stating in relevant part, "Every judgment shall be set forth on a separate document. A judgment is effective and shall be deemed entered when so set forth and signed by the Clerk."). Nonetheless, after belatedly learning of the motion justice's decision to default him, Abilheira filed an objection thereto. In his objection, he included a general motion to vacate the granting of the default judg-

ment motion. Rule 6(c) of the Superior Court Rules of Civil Procedure requires that—

"[a] written motion * * * and notice of the hearing thereof shall be served not later than 10 days before the time specified for the hearing * * *. When a motion is supported by affidavit, the affidavit shall be served with the motion * * *."

Furthermore, Rule 7(b)(1) of the Superior Court Rules of Civil Procedure states:

"An application to the court for an order shall be by motion which, unless made during a hearing or trial or during the course of a deposition, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion."

Here, however, Abilheira not only failed to notice this motion for hearing, he failed to state with particularity *any* grounds therefor and he failed to support this motion properly with an affidavit or with some other evidentiary material that might possibly justify the vacating of the earlier default order. *See, e.g., Metcalf v. Cerio,* 103 R.I. 157, 235 A.2d 669 (1967) (motion for relief from default on the grounds of excusable neglect must be supported by an affidavit). Instead, both defendants moved for summary judgment, and noticed a hearing thereon. At the hearing on defendants' motion for summary judgment, a different motion justice learned about the earlier default judgment ruling and Abilheira's pending but unnoticed motion to vacate same. This motion justice decided to rule on Abilheira's motion to vacate at the summary-judgment hearing even though it had not been properly noticed for such a hearing, let alone properly supported. *See* Super.R.Civ.P. 6(c), 7(b)(1), and 60(b). Indeed, without elaboration, she proceeded to grant the motion to vacate and then she went on to hear and to grant defendants' summary-judgment motion.

Given the above-referenced procedural deficiencies surrounding Abilheira's motion

to vacate the default judgment order—namely, that no written order or judgment had entered pursuant to the granting of plaintiff's default judgment motion, that no notice of hearing was included in Abilheira's motion to vacate, that no grounds were specified in his motion to vacate, and that no affidavit or other evidence was submitted with the motion to support the granting thereof—the motion justice should not have entertained any argument on this motion at the hearing on defendants' summary-judgment motion, much less granted it. Moreover, given the prior ruling allowing a default judgment to enter against Abilheira, and notwithstanding the lack of a written order or judgment implementing this ruling, the motion justice erred in proceeding to take up Abilheira's summary-judgment motion without first properly disposing of his motion to vacate the court's earlier ruling allowing such a default judgment to be entered against him.

With respect to the granting of defendant Susan Abilheira's summary judgment, we decline to reach the merits of that ruling at this time. In light of our vacating of the summary-judgment order with respect to her codefendant, the order granting her motion for summary judgment becomes interlocutory and must await the disposition of the issues concerning her codefendant before it can become a final, appealable order.[1]

### Conclusion

Accordingly, we vacate (1) the order granting Abilheira's motion to vacate the default-judgment ruling, and (2) the order granting Abilheira's later motion for summary judgment. We remand this matter

1. When a final judgment fails to dispose of all claims against all of the parties in a lawsuit, the judgment is not appealable unless and until the court enters a final judgment pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure. That rule states, in pertinent part:

   "When more than one claim for relief is presented in an action, whether as a claim,

to the Superior Court so that (a) the plaintiff can present and the Superior Court can enter an appropriate order providing for the entry of a default judgment against Abilheira for his alleged discovery noncompliance; and (b) within ten days thereafter, Abilheira shall be given the opportunity to file an appropriately supported motion to vacate the default order and to notice a hearing thereon in accordance with the applicable rules; and (3) if such a motion is filed, noticed, and properly supported by an affidavit setting forth an evidentiary basis to vacate the default-judgment order, the motion justice shall then decide whether any legitimate grounds exist to do so, and, if the motion is granted, he or she shall enter an order specifying the grounds for the order. If the court decides to vacate the default order, then Abilheira shall then be allowed to renew his motion for summary judgment. If the court, however, declines to vacate the default order, a final default judgment against Abilheira should enter for the plaintiff.

counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.*" (Emphasis added.)