**Paula KEVORKIAN**

v.

**Judith GLASS et al.**

**No. 2000–115–Appeal.**

Supreme Court of Rhode Island.

June 8, 2001.

Ronald J. Fishbein, Evan Kirshenbaum, Warwick, for Plaintiff.

John Kershaw, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument on May 9, 2001, pursuant to an order that directed the parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. The facts insofar as pertinent to this appeal are as follows.

In May 1989, plaintiff, Paula Kevorkian (plaintiff), a licensed practical nurse (LPN), was hired by the Pawtuxet Village Nursing and Rehabilitation Center (nursing home or defendants) in Warwick, Rhode Island. She resigned from her position in April 1994, after being accused of insubordination. Specifically, her supervisor, Judith Glass (Glass or defendants), alleged that plaintiff had failed to dispense necessary medication to patients at the nursing home. Two years later, plaintiff sought employment through Mercury Medical (Mercury), a placement agency for nursing personnel. When Mercury contacted the nursing home, Glass, the director of nursing, supplied a reference for plaintiff. The reference described plaintiff as having "[u]nacceptable work practice

habits" (statement). Thereafter, Mercury decided not to hire plaintiff and informed her that the negative reference was the basis of its decision.

The plaintiff filed a defamation action against defendants. The case was reached for trial on February 23, 2000. On that day, counsel for defendants handed plaintiff a pretrial memorandum. The subject of the memorandum was whether the statement was defamatory *per se*. If not, defendants argued, the case must be dismissed since no triable issue would remain. The next day, the trial justice treated the motion as one for summary judgment and granted the motion in favor of defendants. The plaintiff appealed.

The plaintiff raises two arguments on appeal. First, plaintiff argues that the trial justice erred in treating defendants' motion as one for summary judgment, without giving plaintiff ten-days' notice to respond as required by statute. *See* Super.R.Civ.P. 56(c). Second, plaintiff argues that even if the procedure is acceptable, the trial justice erroneously determined that the statement was not defamatory *per se*. Because we deem the first argument to be dispositive, we need not reach the second.

The motion submitted by defendants was entitled "Pre–Trial Memorandum of Defendants." [1] The defendants cited to legal authority and attached two exhibits, the Mercury reference and the employee conference record of the meeting between plaintiff and Glass. In the memorandum, defendants requested that:

"[t]he complaint of this plaintiff should be dismissed without a trial on the basis of the legal argument and authorities presented. In the alternative, if a trial occurs, then a judgment as a matter of law should be entered for all defendants pursuant to Rule 50(a) * * *."

The trial justice characterized the motion as one for summary judgment. He then determined that "[a] fair reading of the [statement] does not, in the Court's view, constitute defamation. It * * * constitutes a neutral[,] * * * innocuous statement." In making that determination, the trial justice relied on defendants' memoranda, the supporting law, the two exhibits, and the arguments of the parties. The plaintiff did not submit a written response.

A request for the court to dismiss a case without a trial based on the legal authorities presented sounds in summary judgment. The defendants' motion could not properly be considered a motion for a judgment as a matter of law, as defendants assert, since Rule 50 of the Superior Court Rules of Civil Procedure may be asserted only during or after a trial. Likewise, the motion could not be considered a motion to dismiss, since the trial justice considered matters outside of the pleadings (the reference and conference forms). *See* Super.R.Civ.P. 12(b), (c); *Dansereau v. Beirne*, 701 A.2d 1031, 1032 (R.I.1997). Indeed, summary judgment is a proper vehicle for a trial justice to determine whether a particular statement is defamatory *per se*. However, once a trial justice determines that a pretrial memorandum sounds in summary judgment, he then must ensure that the statutory notice requirement has been met. *See Salvadore v. Major Electric & Supply, Inc.*, 469 A.2d 353, 356 (R.I.1983). Failure to do so is reversible error. *See id.* (citing *Enochs v. Sisson*, 301 F.2d 125, 126 (5th Cir.1962); *Bowdidge v. Lehman*, 252 F.2d 366, 368–69 (6th Cir.1958)); *see also General Financial Services, Inc. v. Abilheira*, 762 A.2d 799, 800 (R.I.1999) (mem.) (vacating trial

---

1. The certification on the pretrial memorandum is dated February 15, 2000, but defendants admit that it was not given to plaintiff or the trial justice until February 23, 2000.

justice's decision to hear and grant motion to vacate default judgment since it was not "filed, noticed, and properly supported * * *"). Thus, the trial justice in this case erred, since he proceeded to hear the merits of the motion, without giving plaintiff ten days to prepare and file a response to the memorandum.

The defendants have three arguments in opposition, none of which is persuasive. First, they argue that the procedural error was harmless, since trial had been reached and plaintiff was presumably prepared to argue the merits of her case. We think there is a vast difference between being prepared for trial and being prepared to present a legal argument on the defamatory nature of the statement, and therefore, we find this argument wholly without merit.

 The defendants also argue that plaintiff's appeal cannot stand since we have held previously that the trial justice has the authority to make a pretrial determination of whether contested statements are defamatory *per se*. *See Beattie v. Fleet National Bank*, 746 A.2d 717, 721 (R.I.2000); *Belliveau v. Rerick*, 504 A.2d 1360, 1363 (R.I.1986). We agree that "[w]hether the meaning of a particular communication is defamatory is a question of law for the court to decide rather than a factual issue for a jury to determine." *Beattie*, 746 A.2d at 721 (citing *Harte–Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657, 685, 109 S.Ct. 2678, 2694, 105 L.Ed.2d 562, 587 (1989) and *Gordon v. St. Joseph's Hospital*, 496 A.2d 132, 136 (R.I.1985)). However, the trial justice makes this determination after both parties are given the opportunity to be prepared pursuant to the applicable rule of procedure. *See McCann v. Shell Oil Co.*, 551 A.2d 696, 697 (R.I.1988); *Healey v. New England Newspapers, Inc.*, 520 A.2d 147, 148 (R.I.1987); *Elias v. Youngken*, 493 A.2d 158, 159 (R.I.1985).

Finally, the defendants argue that since they did not move for summary judgment by name, they could not possibly be required to secure a hearing date and give the plaintiff the proper notice. We refuse to give this argument credit since doing so would endorse and encourage parties to bury motions in pretrial memoranda or to neutrally label motions to avoid the rules of procedure.

Accordingly, the plaintiff's appeal is sustained. We vacate the judgment of the Superior Court and remand the case to that court so that it can treat the defendants' motion as a motion for summary judgment after all parties have been "given [a] reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *DiBattista v. State Department of Children, Youth & Families*, 717 A.2d 640, 642 (R.I.1998) (quoting Rule 12(c)).