BHG, INC.

v.

F.A.F., INC.

No. 2000–269–M.P.

Supreme Court of Rhode Island.

Nov. 23, 2001.

Robert Corrente, Brian C. Newberry, Providence, for Plaintiff.

Robert D. Wieck, Richard L. Gemma, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

WILLIAMS, Chief Justice.

This case came before us pursuant to a petition for certiorari, filed by BHG, Inc. (BHG), requesting review of an order entered in the Superior Court, barring BHG from introducing evidence of post-termination sales in its action for breach of contract against F.A.F., Inc. (FAF). BHG urges this Court to review the ruling of the trial justice and conclude that the trial justice erred. Because the effect of the trial justice's decision was to dispose of a substantial portion of BHG's case, she abused her discretion by ruling on the "motion *in limine*" without explanation and without either receiving any evidence on disputed issues of material fact or converting the motion into one for summary judgment. The facts pertinent to this appeal are as follows.

## I

### Facts and Procedural History

BHG is a Rhode Island corporation that provides services to jewelry manufacturers, assisting them with product sales. Essentially, BHG acts as a sales representative, introducing retail stores to a manufacturer's product. BHG sought to bring merchandisers directly to jewelry manufacturers, instead of using wholesalers. In 1990, BHG entered into an oral contract with FAF, a jewelry manufacturer. Pursuant to the contract, BHG was to receive a 10 percent commission from FAF's net sales on accounts generated by BHG. BHG contends FAF agreed that commissions would be paid on an account for as long as its holder continued to purchase from FAF. This agreement did not change throughout the relationship. During the course of the agreement, BHG generated several large accounts for FAF. In May 1995, FAF terminated the contract after BHG refused to work exclusively for FAF. For about five years before the termination, FAF compensated BHG at the agreed upon 10 percent rate. After the termination, FAF refused to pay any commissions, despite BHG's position that it was entitled to commission on any account it secured, regardless of the duration of the contract. According to BHG, unpaid commission from the Wal–Mart account alone is approximately three million dollars. BHG brought suit to recover commissions due on sales that had been made before and after the contract was terminated.

On January 5, 2000, FAF filed a motion for summary judgment on count 1 of the complaint, breach of contract. After a hearing, the motion was denied. FAF then filed three motions *in limine*. The trial justice granted FAF's second motion *in limine* without setting forth her reasons therefore. BHG petitioned this Court for

a writ of certiorari to review this ruling which we issued. Thus, this case has not yet proceeded to trial.

## II

## Standard of Review

Typically, we review evidentiary decisions for abuse of discretion. *See Graff v. Motta*, 748 A.2d 249, 252 (R.I. 2000). However, we limit review on certiorari to "examining the record to determine if an error of law has been committed." *State v. Gautier*, 774 A.2d 882, 886 (R.I. 2001) (quoting *Gregson v. Packings & Insulations Corp.*, 708 A.2d 533, 535 (R.I. 1998) and *City of Providence v. S & J 351, Inc.*, 693 A.2d 665, 667 (R.I.1997)). "We do not weigh the evidence presented below, but rather inspect the record to determine if any legally competent evidence exists therein to support the findings made by the trial justice." *Id.*

## III

## The Motion *in Limine*

A motion *in limine* is "widely recognized as a salutary device to avoid the impact of unfairly prejudicial evidence upon the jury and to save a significant amount of time at the trial." *Ferguson v. Marshall Contractors, Inc.*, 745 A.2d 147, 150 (R.I.2000) (quoting *Gendron v. Pawtucket Mutual Insurance Co.*, 409 A.2d 656, 659 (Me.1979)). It is well settled that "a motion in limine is not intended to be a dispositive motion." *Id.* (citing *Gendron*, 409 A.2d at 660). Instead, "it has been used in this state primarily to 'prevent the proponent of potentially prejudicial matter from displaying it to the jury * * * in any manner until the trial court has ruled upon its admissibility in the context of the trial itself.'" *Id.* at 150–51 (quoting *State v. Fernandes*, 526 A.2d 495, 500 (R.I.1987)).

FAF's second motion *in limine* asked the trial justice to preclude BHG from presenting any evidence of post-termination sales. FAF's theory was that BHG was not entitled to post-termination commissions because the contract was for personal services and thus, was terminable at will. *See Roy v. Woonsocket Institution For Savings*, 525 A.2d 915, 917 (R.I.1987). Consequently, FAF contends that evidence of post-termination sales is either wholly irrelevant or unfairly prejudicial. BHG, on the other hand, contends that the contract required FAF to pay a commission on all future sales to those customers that BHG had procured for FAF. Without receiving any evidence or determining what agreement, if any, existed on the issue, the trial justice rendered a one-line decision barring evidence of post-termination sales. Because she gave no explanation, this Court is unclear whether the trial justice excluded the evidence because she agreed with FAF's position that the contract was terminable at will or for some other reason.

In the instant case, the effect of the trial justice's decision to preclude evidence of post-termination sales was to dispose of a significant portion of BHG's case. As BHG argues, the motion *in limine* was, in fact, "a thinly disguised motion to dismiss." Generally, courts have stated that a motion *in limine* "should be exceptional rather than general." *Ory v. Libersky*, 40 Md.App. 151, 389 A.2d 922, 930 (Ct. Spec.App.1978) (quoting *Lewis v. Buena Vista Mutual Insurance Assoc.*, 183 N.W.2d 198, 201 (Iowa 1971)). Moreover, such motions are "essentially aimed at material which is inadmissible and prejudicial." *Id.* Therefore, when a non-dispositive motion seeks to dismiss a substantial portion of the case, we see clear to strip the motion of its creative labeling and recharacterize it to conform to its true na-

ture. *See Kevorkian v. Glass*, 774 A.2d 22, 24 (R.I.2001).[1]

 In *Ferguson*, 745 A.2d at 151, we held that a trial justice improperly used a motion *in limine* to exclude all evidence of duty in a personal injury action because the effect was tantamount to summary judgment. That same rule applies here. Further, we agree with the statement of a Florida District Court of Appeals that:

"The problem here is that the motion in limine was used for more than its purpose of merely excluding irrelevant or improper prejudicial evidence. Appellee, by way of its motion in limine, attempted to summarily dismiss a portion of appellant's case. * * * Appellee's action is comparable to a motion for summary judgment but without the notice provisions and other requirements * * *. [D]ue process dictates that appellant be given notice and an opportunity to properly respond." *Dailey v. Multicon Development, Inc.*, 417 So.2d 1106, 1107–08 (Fla.Dist.Ct.App.1982).

The admissibility of post-termination sales and lost-commission damages in this case goes to the gravamen of BHG's complaint for breach of contract. In granting FAF's motion *in limine*, the trial justice essentially precluded BHG from presenting a significant amount of material evidence that may be relevant. Consequently, the motion *in limine* effectively disposed of the case before BHG was given an opportunity to present evidence or be adequately heard on the issue.

As previously mentioned, the trial justice failed to provide any reason for her decision. At best, we cannot determine from the cursive, one line order, whether she was deciding the issue of contract in advance or merely whether she was precluding BHG from mentioning damages in the opening argument. However, we assume that the trial justice's decision to exclude the evidence was based on her conclusion that the contract at issue was for personal services. *See Ross–Simons of Warwick, Inc. v. Baccarat, Inc.*, 217 F.3d 8, 10–11 (1st Cir.2000). In *Ross–Simons*, the Court distinguished contracts terminable at will from contracts of indefinite duration. *See id.* The court said that "[i]f the existence of an affirmative commitment, without more, automatically converts a contract of indefinite duration into a contract terminable upon the happening of a specific event, then the presumption against perpetuity becomes illusory." *Id.* at 11. However, "where the presumption against perpetuity applies, it can be rebutted by evidence that the parties intended a permanent arrangement." *Id.* To determine whether the contract is indefinite in duration, the court may examine whether "each party assumed the risk of changes in the operative facts and relinquished any right to terminate the agreement on the basis of such factual shifts." *Id.* at 12 (quoting *Ross–Simons of Warwick v. Baccarat, Inc.*, 102 F.3d 12, 18 (1st Cir.1996) (*Ross–Simons I*)). The court may also consider whether the agreement contains references to or restrictions on the future or duration of the obligation. *See id.*

There is no evidence that the trial justice in this case decided what agreement existed between the parties, nor that she determined what the parties intended with respect to the payment of commissions on post-termination sales. Consequently, we conclude the trial justice erred.

 We suggest that a better practice when confronted with a motion *in limine*

---

1. An apocryphal story that has been attributed to Abraham Lincoln alleges that the statesman said, "How many legs does a dog have if you count his tail as a leg? Four. You can call a tail a leg if you want to, but that doesn't make it a leg."

that has a potentially preclusive effect of this magnitude would have been for the trial justice to have carefully set forth the reasons for her order, reserved on the ruling until BHG had presented evidence on the terms and breach of the contract, and/or bifurcated the trial on the issues of liability and damages.

BHG's petition for certiorari is granted. For the foregoing reasons, the order of the Superior Court is quashed without prejudice for the trial justice to reconsider the motion *in limine* on remand. *See Ferguson,* 745 A.2d at 150; *Fernandes,* 526 A.2d at 500. The papers of the case are remanded to the Superior Court with our decision duly endorsed thereon. Using the jury to resolve any disputed issues of material fact, the trial court should first determine whether an enforceable contract existed between the parties and, if so, whether FAF breached any such contract before considering any evidence of damages, including post-termination sales and commissions allegedly due thereon.